# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUART PARSONS, JR., INDIVIDUALLY, AND DBA BAREFOOT SKI RANCH, AND AS TRUSTEE OF PARSONS RANCH & WILDLIFE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN WAVE MACHINES, INC.,<br><br>Defendant. | Case No. 3:20-00849-JAH-MSB<br><br>**ORDER GRANTING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AGAINST DEFENDANT AMERICAN WAVE MACHINES, INC.** |

On May 7, 2020, Plaintiffs STUART PARSONS, JR, INDIVIDUALLY, AND DBA BAREFOOT SKI RANCH, AND AS TRUSTEE OF PARSONS RANCH & WILDLIFE TRUST (collectively "Plaintiffs), filed a Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") against Defendant AMERICAN WAVE MACHINES, INC. ("Defendant"). The Motion seeks, among other things, that the Court immediately enter a temporary restraining order against Defendant, which Plaintiffs claim to be necessary to prevent immediate irreparable injury to Plaintiff. Based on the papers filed in support of Plaintiffs' request for a temporary restraining order, and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. Plaintiff presents serious questions that go to the merits of this case.

2. Plaintiffs have stated an immediate and irreparable injury for which a temporary restraining order is appropriate in that Defendant is preventing Plaintiffs from operating Plaintiffs' business, potentially threatening the viability of Plaintiffs' business, exposing Plaintiff to potential legal liability to third parties and consumers and exposing Plaintiffs to the very realistic potential of the loss of good will and business reputation as a result of Defendant's actions. Issuing the TRO for a limited time will result in little to no harm to Defendant. In balancing hardships, the scale tips sharply in favor of Plaintiffs.

2. Plaintiffs' notice of the Motion on May 7, 2020, is sufficient notice of the request for temporary restraining order such that no further notice is required.

3. Accordingly, Plaintiffs' request for a temporary restraining order is GRANTED as follows:

- Subject to the terms of this order, Defendant AMERICAN WAVE MACHINES, INC. is prohibited from withholding any code or codes that are required by Plaintiffs in order to operate Plaintiffs' Perfect Swell wave machine located at the BSR Surf Resort in Waco, Texas;
- Defendant AMERICAN WAVE MACHINES, INC. must provide or input any code or codes necessary to render Plaintiffs' Perfect Swell wave machine operational within 24-hours after entry of this Order, and such code or codes must be sufficient to ensure Plaintiffs' Perfect Swell wave machine remains operational for the lesser of either fourteen (14) days, or until the date the Court rules on the Plaintiffs' motion for a preliminary injunction, or unless Defendant requests or consents to a longer term;
- This Order is binding on Defendant AMERICAN WAVE MACHINES, INC., and all of its officers, agents, employees, and attorneys;

- Based upon this Court's review of the record, the Court requires no security to be posted. *Diaz v. Brewer*, 656 F.3d. 1008 (9th Cir. 2011).
- Defendant shall respond to Plaintiff's Motion for Preliminary Injunction by May 14, 2020.
- Plaintiff may file a reply by May 18, 2020.
- The Court shall hear Plaintiff's Motion for a Preliminary Injunction on May 20, 2020, at 1:30 P.M. (PST). The Preliminary Injunction hearing shall be conducted by telephone conference. The Court will provide counsel with instructions relating to the telephone conference call.
- This Order is entered and is hereby effective as of 6:00 pm (PST) on May 8, 2020.

**IT IS SO ORDERED.**

Dated: May 8, 2020

_____
JOHN A. HOUSTON
United States District Judge