UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUART PARSONS, JR., INDIVIDUALLY, AND DBA BAREFOOT SKI RANCH, AND AS TRUSTEE OF PARSONS RANCH & WILDLIFE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN WAVE MACHINES, INC.,<br><br>Defendant. | Case No.: 20cv00849-JAH-MSB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Doc. No. 3)** |

On May 20, 2020, at 3:30 p.m. and May 21, 2020 at 1:30 p.m., hearings were held on Plaintiff's Motion for Preliminary Injunction. *See* Doc. Nos. 3, 5, 13. The matter was fully briefed. *See* Doc. Nos. 7, 11.

The Court adopts the findings and conclusions made on the record, with the following clarification: the Court stated,

///

///

///

1

> The Court grants Plaintiff's Motion for Preliminary Injunction restraining Defendant from directly or indirectly disabling the functionality of the PerfectSwell Wave Machine, *so long as Plaintiff is making its monthly payments*, by refusing to provide the operations code to Plaintiff or taking any other action that would cause the PerfectSwell Wave Machine to be rendered inoperable for any reason. (emphasis added).

The Court deletes or redacts the portion of the oral ruling that states, "so long as Plaintiff is making its monthly payments."

Therefore, IT IS HEREBY ORDERED, upon consideration of the Motion, and based upon the pleadings and having considered the oral arguments, Plaintiff's Motion for Preliminary Injunction is **GRANTED IN PART AND DENIED IN PART** as follows:

(1)   The Court **GRANTS** Plaintiff's Motion for Preliminary Injunction restraining Defendant from directly or indirectly disabling the functionality of the PerfectSwell Wave Machine, by refusing to provide the operations code to Plaintiff or taking any other action that would cause the PerfectSwell Wave Machine to be rendered inoperable for any reason.

(2)   The Court **DENIES** Plaintiff's request to restrain Defendant from maintaining a lien on real property for non-payment in the official records of McLennan County, Texas, and similarly **DENIES** Plaintiff's request to restrain Defendant from recording any other lien on Plaintiff's property in Texas at this time.

(3)   In its oral ruling the Court did not address the Defendant's request for a substantial bond. Plaintiff requests the Court exercise its discretion to require a minimal bond. *See* Doc. 3-1 at 21. Defendant argues a substantial bond to protect Defendant from Plaintiff's alleged history of nonpayment and failure to protect

Defendant's trade secrets. *See* Doc. No. 7 at 29. Upon consideration of these arguments, IT IS FURTHER ORDERED a bond is not necessary in this case.

(4) Except as indicated herein, the Court's oral ruling during the hearing held on May 21, 2020, is adopted and incorporated by reference.

**IT IS SO ORDERED.**

DATED:   May 22, 2020

_____
JOHN A. HOUSTON
United States District Judge